## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## EL PASO DIVISION

| | | |
|---|---|---|
| **JAMES CHERY,** | § | |
| | § | |
| *Petitioner*, | § | |
| | § | |
| **v.** | § | |
| | § | |
| **U.S. ATTORNEY GENERAL,** | § | **No.  3:26-CV-01226-LS** |
| **MARKWAYNE MULLIN,** | § | |
| **SECRETARY OF THE DEPARTMENT** | § | |
| **OF HOMELAND SECURITY; AND** | § | |
| **MARY DE ANDA-YBARRA, U.S. ICE** | § | |
| **FIELD OFFICE DIRECTOR,** | § | |
| | § | |
| *Respondents*. | § | |

### ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

Petitioner James Chery brings this petition for a writ of habeas corpus against Respondents under 28 U.S.C. § 2241, challenging his detention by Immigration and Customs Enforcement ("ICE").[1] Because the Court determines that Petitioner is validly held under 8 U.S.C. § 1226(c), the Court will deny the petition.

"Any alien who is convicted of an aggravated felony at any time after admission is deportable."[2] An aggravated felony includes "a crime of violence . . . for which the term of imprisonment [is] at least one year."[3] A crime of violence is defined as "an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property

---

[1] ECF No. 2.
[2] 8 U.S.C. § 1227(a)(2)(A)(iii).
[3] 8 U.S.C. § 1101(a)(43)(F).

of another."[4] Petitioner was convicted of the crime of domestic battery by strangulation,[5] which has the following elements:

> [T]he person knowingly and intentionally, against the will of another, impedes the normal breathing or circulation of the blood of a family or household member of or a person with whom he or she is in a dating relationship, so as to create a risk of or cause great bodily harm by applying pressure on the throat or neck of the other person or by blocking the nose or mouth of the other person.[6]

The Eleventh Circuit has considered this to be a "crime of violence" for the purposes of the Sentencing Guidelines, concluding that "it is impossible to commit this offense without using 'violent force'—that is, force capable of causing physical pain or injury to another person."[7] Petitioner was sentenced to 366 days in prison for this offense.[8] Thus, the Court concludes that Petitioner committed an aggravated felony.

8 U.S.C. § 1226(c) requires that the Attorney General take into custody any alien who is deportable by reason of having committed an aggravated felony,[9] and the Supreme Court has held that persons who are found deportable and held under § 1226(c) may "be detained for the brief period necessary for their removal proceedings."[10] Like Petitioner in this case, the petitioner in *Demore* was in removal proceedings under 8 U.S.C. § 1226(c) with no final order of removal.[11] Accordingly, the Court held the detention period in *Demore* did not violate any due process right because it had a "definite termination point" and was neither "indefinite" nor "potentially permanent"[12]—the detention period would necessarily terminate when the removal proceedings

---

[4] 18 U.S.C. § 16(a).
[5] ECF No. 8 at 2.
[6] Fla. Stat. § 784.041(2)(a).
[7] *United States v. Dixon*, 874 F.3d 678, 682 (11th Cir. 2017).
[8] ECF No. 8-2 at 2.
[9] 8 U.S.C. § 1226(c)(1)(B).
[10] *Demore v. Kim*, 538 U.S. 510, 513 (2003).
[11] *Id.*
[12] *Id.* at 528–29, 531.

concluded, either through deportation within the 90-day removal period[13] or release because of the government's failure to secure a removal order. The Supreme Court made explicitly clear in *Demore* that "[d]etention *during removal proceedings* is a constitutionally permissible part of th[e] process."[14] As in *Demore*, Petitioner's detention is neither "indefinite" nor "potentially permanent" because there is a "definite termination point": the conclusion of the removal proceedings and subsequent removal, or alternatively, release for want of a removal order.

Because Petitioner James Chery is not entitled to release, his petition is **DENIED**. Any and all pending motions are **DENIED AS MOOT** and the Clerk shall **CLOSE THE CASE**.

**SO ORDERED.**

**SIGNED** and **ENTERED** on July 31, 2026.

_____
**LEON SCHYDLOWER**
**UNITED STATES DISTRICT JUDGE**

---

[13] 8 U.S.C. § 1231(a)(1)(A) ("[W]hen an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days . . . .").
[14] 538 U.S. at 531 (emphasis added).